IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PATRICIA TUCKER                                                                PLAINTIFF

vs.                                    Civil No. 6:12-cv-06110

CAROLYN W. COLVIN                                                          DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Patricia Tucker ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her application for a

period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.  The Parties

have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this

case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-

judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum

opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed her DIB application on April 19, 2010.  (Tr. 12).  Plaintiff alleges

being disabled due to migraine headaches, a mitral valve prolapse, and insomnia.  (Tr. 124).  Plaintiff

alleges an onset date of December 19, 2008.  (Tr. 12).  This application was denied initially and

again upon reconsideration.  (Tr. 51-52).  Thereafter, Plaintiff requested an administrative hearing

on her application, and this hearing request was granted.  (Tr. 62-76).  This hearing was held on

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

August 3, 2011 in Hot Springs, Arkansas. (Tr. 24-50). Plaintiff was present at this hearing and was

represented by Shannon Muse Carroll. *Id.* Plaintiff and Vocational Expert ("VE") Mack Welch

testified at this hearing. *Id.* During this administrative hearing, Plaintiff testified she was fifty-two

(52) years old. (Tr. 29). Such an individual is defined as a "person closely approaching advanced

age" under 20 C.F.R. § 404.1563(d) (2008). Plaintiff also testified she had attended college and had

obtained her B.S. degree in education. (Tr. 29).

On September 7, 2011, the ALJ entered an unfavorable decision denying Plaintiff's

application for DIB. (Tr. 9-19). In this decision, the ALJ determined Plaintiff met the insured status

requirements of the Act through December 31, 2013. (Tr. 14, Finding 1). The ALJ determined

Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 19, 2008, her

alleged onset date. (Tr. 14, Finding 2). The ALJ determined Plaintiff has the following severe

impairment: migraine headaches. (Tr. 14, Finding 3). The ALJ also determined, however, that

Plaintiff's impairment did not meet or medically equal the requirements of any of the Listings of

Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.

(Tr. 15-18, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her

claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained

the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the
> claimant has the residual functional capacity to perform a full range of work at all
> exertional levels but has nonexertional limitations. Specifically, she must avoid even
> moderate exposure to extremes of cold, heat, humidity, noise, vibrations, and other
> environmental hazards. She cannot work at heights, around machinery and firearms,
> or while operating a vehicle.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 18, Finding 6). The ALJ determined Plaintiff's PRW included work as a teacher. *Id.* The VE also testified at the administrative hearing regarding Plaintiff's PRW. *Id.* Based upon this testimony, the ALJ determined Plaintiff's PRW as a teacher was classified as light, skilled work. *Id.* Considering Plaintiff's RFC and this testimony of the VE, the ALJ then determined Plaintiff retained the capacity to perform this PRW, both as it is generally performed and as it is actually performed. *Id.* Accordingly, because she retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from December 19, 2008 through the date of his decision or through September 7, 2011. (Tr. 18, Finding 7).

Thereafter, on September 29, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 7). The Appeals Council denied this request for review on August 30, 2012. (Tr. 1-6). On September 19, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 5, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 9-10. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel,* 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this

analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff raises the following arguments for reversal: (A) the ALJ erred

in finding her impairments did not meet the requirements of one of the Listings; (B) the ALJ erred

in disregarding the opinions of her treating physician; (C) the ALJ failed to properly assess her

severe migraines and chronic pain and erred in discrediting her subjective complaints; and (D) the

ALJ erred by presenting an insufficient hypothetical to the VE.  ECF No. 9.

In response, Defendant argues the ALJ properly assessed Plaintiff's exertional abilities when

he assessed her RFC, the ALJ gave proper weight to the opinion of her treating physician, the ALJ

properly assessed her subjective complaints of pain, the ALJ properly considered her alleged side

effects and her combination of impairments, and the ALJ posed proper hypothetical questions to the

VE.  ECF No. 10 at 1-16.  The Court will address each of the arguments Plaintiff has raised.

**A.      Evaluation of the Listings**

Plaintiff claims the ALJ erred in finding her impairment does not meet the requirements of

one of the Listings.  ECF No. 9 at 12-14.  The only Listing which Plaintiff references in her briefing

is Listing 1.02(d).  *Id.* at 8.  Because this is the only Listing Plaintiff references in her briefing, this

is the only Listing the Court will consider, and the Court will not engage in any speculation as to

what other Listings Plaintiff should have raised.  *See Vandenboom v. Barnhart,* 421 F.3d 745, 750

(8th Cir. 2005) (rejecting "out of hand" appellant's conclusory assertion that the ALJ failed to consider whether he met certain Listings where appellant provided no analysis of the relevant law or facts regarding any specific Listings).

Listing 1.02 only applies to a "Major dysfunction of a joint(s) (due to any cause)," and the claimant must have a "gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability)." In this case, there has been no evidence–and Plaintiff does not even claim–that she has a "major dysfunction of a joint." Accordingly, the ALJ did not err in determining Plaintiff's impairment does not meet the requirements of Listing 1.02. *See Carlson v. Astrue,* 604 F.3d 589, 593 (8th Cir. 2010) (holding that the burden is on the claimant to establish that his or her impairment meets or equals the requirements of a Listing, and the impairment must meet all the criteria required for a Listing).

As a final point, Plaintiff argues in this section of her briefing that the ALJ erred by failing to consider her "neuropathy and parathesias of both hands." ECF No. 9 at 13. Despite this current claim, Plaintiff never alleged to be disabled due to "neuropathy and parathesias of both hands" at either the hearing in this matter or in her application. (Tr. 24-50, 124). Accordingly, the ALJ was not required to consider these now-alleged disabilities. *See Pena v. Chater,* 76 F.3d 906, 909 (8th Cir. 1996) (holding that "the administrative law judge is under no 'obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability'") (internal citation omitted).

## B.     Treating Physician

Plaintiff claims the ALJ erred in disregarding the findings of her treating physician, Dr. Timothy English, M.D. ECF No. 9 at 14-16. Specifically, Plaintiff claims a report from Dr. English dated October 20, 2010 demonstrates she is disabled. *Id.* In his opinion, the ALJ considered Dr.

English's report and stated the following regarding that report:

> In October of 2010, the claimant's primary care doctor completed a headache report (Ex. 9F). Ms. Tucker took the form to the doctor's nurse, but completed part of this form, reporting weekly headaches that last for one to three days. It appears that the doctor's writing begins on page four (4). The physician indicated the claimant's prognosis as fair to good and that she is capable of low stress jobs. His reasoning for this is merely "my impression." He opined that the claimant will need to take unscheduled breaks during an eight-hour workday one to two times per week for 12 to 24 hours. He estimated that she would be absent from work about four times per month as a result of the impairments or treatment. This opinion does not account for the claimant's testimony that her current medication reduces symptoms and helps her function and that she did not have excessive absences due to migraines, even during the last semester that she taught. His opinion also does not address the failure to implement his plan to obtaining [obtain] updated diagnostic testing and try new medications. All in all, the opinion appears to be based on subjective reports by the claimant that are not wholly reflective of her actual functional abilities. Too, Exhibit 14F, which was submitted after the hearing, reflects few migraine complaints. Thus, Exhibit 9F must be given little weight.

(Tr. 18).

Plaintiff contests the ALJ's evaluation of Dr. English's opinions. ECF No. 9. First, Plaintiff argues Dr. English found she was disabled. ECF No. 9 at 14. This is not correct. In fact, Dr. English found Plaintiff's prognosis was "fair to good." (Tr. 239). Dr. English also found Plaintiff would be able to tolerate a "low stress job." (Tr. 240). Further, while there are other items checked in this form indicating Plaintiff might be disabled, it is unclear whether Plaintiff actually completed this part of the form or Dr. English did. (Tr. 236-241). Indeed, it appears that a large part of this form was filled out by Plaintiff herself, and there are clearly two different individuals' handwritten notes and responses on this form. *Id.*

Second, Plaintiff argues that Dr. English "has treated" her "for years and has performed x-rays, labs, and multiple examinations," and Plaintiff indicates these treatment records support Dr. English's conclusions. ECF No. 9 at 14. In making this argument, however, Plaintiff cites to no

*specific* treatment records that support Dr. English's conclusions. *Id.* at 14-15. As a treating source, Dr. English's opinions may be entitled to controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques." *See* 20 C.F.R. § 404.1527(c)(2) (2012). Here, there has been no demonstration of any testing that demonstrates his opinions are "well-supported." Accordingly, the Court finds the ALJ did not err in deciding not to give controlling weight to Dr. English's opinions.

Third, Plaintiff argues the ALJ provided no valid reason for discounting Dr. English's findings. ECF No. 9 at 16. However, as outlined above, the ALJ did not entirely discount Dr. English's findings; and, to the extent he did so, he gave valid reasons for discounting those findings. (Tr. 18). Notably, it is unclear which portion of Dr. English's "report" was completed by Plaintiff and which portion was completed by Dr. English himself. *Id.* His opinions were based upon his "impression" and apparently not based upon any specific testing or findings. (Tr. 240). Further, Dr. English's opinions do not "address the failure to implement his plan to obtaining [obtain] updated diagnostic testing and try new medications." (Tr. 18). Indeed, on November 20, 2008, Dr. English recommended "repeat CT and a prophylactic drug other than Topamax" if Plaintiff's headaches did not improve. (Tr. 207). It does not appear Plaintiff followed up on this advice or was ever referred to a headache clinic for further evaluation of her migraines. Thus, the Court finds the ALJ did supply several valid reasons for discounting Dr. English's opinions.

## C. Credibility Determination

Plaintiff claims the ALJ erred in assessing the credibility of her subjective complaints. ECF No. 9 at 17-19. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. §

404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with *Polaski*. (Tr. 15-18). In his opinion, the ALJ cited *Polaski* and then provided several valid reasons for discounting Plaintiff's subjective complaints. (Tr. 17). Specifically, the ALJ noted Plaintiff's "level of functioning" supports a finding that she is not disabled. *Id.* Plaintiff "cooks, does laundry, reads daily unless she has a headache, pays bills, and shops." *Id.* Plaintiff "drives and goes out alone" and "attends church activities three or four days per week for one to two hours." *Id.* Plaintiff also had "volunteered at a food pantry and testified that she did this for a year and stopped so that she could spend more time with family." *Id.* Further, in October of 2010, after she claims she became disabled, Plaintiff "appears to have traveled to Mexico." *Id.* Considering these findings, the Court finds no basis for reversing the ALJ's evaluation of Plaintiff's subjective complaints. *See Renstrom v. Astrue,* 680 F.3d 1057, 1067 (8th Cir. 2012) (holding "[b]ecause the ALJ gave good reasons for discounting Renstrom's credibility, we defer to the ALJ's credibility findings").

### D.      Hypothetical to the Vocational Expert

Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record because his hypothetical to the vocational expert was deficient. ECF No. 9 at 19-20. This case, however, was decided at Step Four of the sequential analysis. (Tr. 18, Finding 6). At Step Four, no hypothetical is required. *See Banks v. Massanari,* 258 F.3d 820, 828 (8th Cir. 2001). Accordingly, the vocational expert was not even required to present testimony for the ALJ's decision to be supported by substantial evidence in the record. *Id.*

Further, even if the vocational expert's testimony were required, the ALJ presented to the vocational expert the limitations he found to be credible based upon his assessment of Plaintiff's

RFC.  (Tr. 45-50).  This was sufficient.  *See Gragg v. Astrue,* 615 F.3d 932, 940 (8th Cir. 2010) (holding "[t]he hypothetical question need only include those impairments and limitations found credible by the ALJ").  Thus, the Court finds no basis for reversal on this issue.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 24th day of September 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE